IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PRASHANT P. | § | |
| | § | |
| VS. | § | CA No. _____ |
| | § | |
| LIBERTY LIFE ASSURANCE | § | |
| COMPANY OF BOSTON and | § | |
| WAL-MART STORES, INC.'S | § | |
| ASSOCIATES HEALTH AND | § | |
| WELFARE PLAN | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

PRASHANT P., Plaintiff, files this Original Complaint asserting causes of action in law and equity for relief against Liberty Life Assurance Company of Boston and Wal-Mart Stores, Inc.'s Associates Health and Welfare Plan, Defendants.

## I.
## PARTIES

1. Plaintiff, Prashant P., is a resident citizen of Texas. He brings this action under the pseudonym, "Prashant P.", due to the personal health information disclosed in his case.

2. Defendant, Liberty Life Assurance Company of Boston ("Liberty Life"), is a domestic or foreign company licensed to do business and doing business in the state of Texas. It can be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street Suite 620, Austin, TX 78701-3218, or wherever it may be found.

3. Wal-Mart Stores, Inc.'s Associates Health and Welfare Plan ("Plan") is an employee welfare benefit plan of Wal-Mart Stores, Inc. ("Wal-Mart"). Wal-Mart is the Plan Sponsor and Plan Administrator. The Plan may be served by serving Corporation Trust Company, 1209 Orange St., Corporation Trust Center, Wilmington, DE 19801, or wherever it may be found.

## II.
## JURISDICTION AND VENUE

4. This action against Liberty Life and the Plan arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq*. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e)(1).

5. Venue is proper in this District and Division pursuant to 29 U.S.C. §1132(e)(2) because Defendants maintain business activity in and may be found in this district.

6. Pursuant to 29 U.S.C. §1132(h), this Complaint has been served upon the Secretary of Labor, Pension and Welfare Benefits Administration at 200 Constitution Avenue N.W., Washington, D.C. 20210 and the Secretary of the Treasury at 111 Constitution Avenue N.W., Washington, D.C. 20024, by certified mail return receipt requested.

## III.
## STATEMENT OF FACTS

7. Plaintiff was hired by Wal-Mart as a Senior Program Analyst. As a full time employee, he was enrolled in Wal-Mart's employee welfare benefit Plan that included benefits for long term disability (LTD).

8. Wal-Mart's LTD Plan was part of the company's Group Insurance Policy issued by Liberty Life. The LTD Policy Number was GF3-850-290765-01 (the "Policy"). The

Policy provided income protection if the covered employee became disabled as a result of injury or sickness. Plaintiff was an eligible employee.

9. Liberty Life was the Insurer and Claims Administrator for the Plan.

10. In December 2013, Plaintiff began to develop neck pain, back pain, stiffness, dizziness, and fatigue. An MRI of the cervical spine showed disc bulges at C2-C3, C3-C4, C4-C5, C5-C6, C6-C7, and a disc herniation at C7-T1. He filed for LTD benefits.

11. The Policy defined disability as, among other things, a condition in which the beneficiary, as a result of injury or sickness, is "unable to perform the material and substantial duties of his own occupation" during the first 12 months of disability. This provision is commonly known as "own occupation" disability.

12. On August 13, 2014, Dr. Roeder completed a Disability Evaluation in which he noted that Plaintiff's physical impairments limited his ability to do sedentary work.

13. On September 18, 2014, Liberty Life denied Plaintiff's claim.

14. In denying the claim, Liberty Life paid a physician to review Plaintiff's medical records. The record reviewer concluded that there was "no medical support" for any physical limitations and restrictions that would prevent him from full time sedentary work.

15. Plaintiff promptly appealed Liberty Life's denial of the claim on March 16, 2015. Among other things, he pointed out the close relationship between Liberty Life and PMR Services ("PMR"), the medical record review company it hired to review Plaintiff's records. He also submitted additional information about his restrictions and limitations, supplied updated medical records, and noted Liberty Life's many

errors in its review of his claim.

16. Plaintiff submitted additional evidence in support of his claim on May 6, 2015. That evidence included additional medical records, as well as an audio statement from Dr. Roeder.

17. On June 2, 2015, Liberty Life denied Mr Plaintiff's appeal. In doing so, it concluded that his physical condition had not "appreciably worsened" as of December 9, 2013 to prevent him from working. Liberty Life also advised that Plaintiff had exhausted his administrative remedies.

18. Neither the Policy nor the Plan contained any definition or explanation for the term "appreciable worsening".

19. On November 20, 2015, Plaintiff submitted additional medical records in support of his LTD claim.

20. On December 3, 2015, Liberty Mutual confirmed that it had received these records but that it was "unable" to consider this additional information. Liberty Life kept the administrative record closed without any further review.

21. Liberty Life's failure to review or consider the supplemental documents provided by Plaintiff in November 2015 violated the Fifth Circuit's holding in *Vega v. National Life Ins. Services, Inc.*, 188 F.3d 287 (5th Cir. 1999). It also violated Liberty Life's fiduciary duty to Plaintiff.

22. Having exhausted his administrative remedies, Plaintiff brings this action to recover the disability benefits promised in the Policy and the Plan.

**IV.**
**CLAIMS & CAUSE OF ACTION**

23. Liberty Life is the insurer who provided coverage to Plaintiff in accordance with the terms of the Policy. That coverage included LTD benefits arising out of his disability.

24. The Policy, as part of the Wal-Mart Plan, is governed by ERISA. 29 U.S.C. §1001, *et. seq*. Liberty Life is the Claims Administrator and a named fiduciary under the Plan.

25. As a Plan fiduciary, Liberty Life is obligated to handle claims for the benefit of the Plan and Plan beneficiaries, and to deliver the benefits promised in the Plan. It is also obligated as a fiduciary to conduct its investigation of a claim in a fair, objective and evenhanded manner.

26. Liberty Life's adjustment or "adjudication" of Plaintiff's claim was instead biased and outcome oriented. This was in part reflected by its repeated denial of Plaintiff's claim, even after being presented with evidence that he was disabled from his own occupation. It was also reflected in Liberty Life's ignoring objective and subjective evidence supporting Plaintiff's diagnosis of fibromyalgia and how it prevented him from working. It was further reflected in Liberty Life's unreasonable reliance on reviewers who lacked the training, education, and experience to properly review his claim.

27. Liberty Life's interpretation of the Policy and the terms of the Policy was not legally correct. It was also contrary to a plain reading of the Policy language.

28. Liberty Life's interpretation of the Policy and Policy language was contrary to that of the average Plan participant and policyholder. It was contrary to the common and ordinary usage of the Policy terms. Alternatively, the Policy language upon which Liberty Life based its denial decision was ambiguous. The ambiguous nature of those

terms require those terms be construed against Liberty Life and in favor of coverage for Plaintiff.

29. Liberty Life's denial was made without substantial supporting evidence. Its decision to deny Plaintiff's claim was instead based upon rank speculation and guesswork. Liberty Life's denial decision was *de novo* wrong. Alternatively, it was arbitrary and capricious.

30. On information and belief, Liberty Life's denial of Plaintiff's claim was not the result of a honest, fair, or objective factual investigation. It was instead motivated by Liberty Life's desire for financial gain, evidenced by policies, procedures, and practices to profit from the delay in payment or denial of claims. It may also be found in various incentive programs for claims personnel and in various management directives. Its financial gain is also reflected in the high ROE Liberty Life gains from retained benefit funds.

31. At all material times, Liberty Life was acting on behalf of the Plan and in its own capacity as the insurer and Claims Administrator.

32. Liberty Life's denial of Plaintiff's claim breached the terms of the Policy and the Plan. Its breach was in violation of 29 U.S.C. §1132(a)(1), entitling Plaintiff to the proceeds under the LTD Policy to which he is entitled, along with pre-judgment interest on the amounts due and unpaid, all for which he now sues.

## V.
## STANDARD OF REVIEW

33. The default standard of review for denial of a benefit claim is *de novo*. Where the Plan or Policy confers discretion on the Claims Administrator, an abuse of discretion

standard of review may apply.

34. The Policy may contain a discretionary clause or language Liberty Life may construe as affording it discretion to determine eligibility for benefits, interpret the terms of the Policy, and determine the facts. Liberty Life's denial under this standard of review, if any, was an abuse of discretion. It was arbitrary and capricious.

35. If discretion applies, the Court should afford Liberty Life less deference in light of its financial conflict of interest. Liberty Life's conflict of interest is both structural and actual. Its structural conflict results from its dual role as the adjudicator of Plaintiff's claim and as the potential payor of that claim.

36. Liberty Life's actual financial conflict is revealed in the policies, practices, and procedures influencing and motivating claim delays and denials for financial gain. Liberty Life's financial conflict is also revealed in the high ROE gained from the delay in payment or denial of claims.

37. Each of these grounds, on information and belief, was a motive to deny Plaintiff's claim, along with the delay in payment or denial of claims of other Liberty Life policyholders and claimants.

38. Liberty Life, in light of its financial conflict, should be accorded little or no discretion in its claims decision.

39. Alternatively, the standard of review of this claim should be *de novo,* affording Liberty Life no discretion in its interpretation of the terms of the Policy and Plan, nor in its factual determinations.

40. Pursuant to TEXAS INS. CODE. ART. 21.42, Texas law applies under the ERISA savings clause. Texas has banned the use of discretionary clauses in insurance policies

issued in this state. TEX. INS. CODE §1701.062; 28 TEX. ADMIN. CODE §3.1202. Accordingly, review of Plaintiff's claim and Liberty Life's claims handling conduct both in its interpretation of terms of the Policy and the Plan, and in its determination of the facts, should be *de novo.*

## VI.
## REQUEST FOR PREJUDGMENT INTEREST & AN ACCOUNTING

41. Plaintiff requests, in addition to the amount of benefits withheld, prejudgment interest on any such award. He is entitled to prejudgment interest as additional compensation pursuant to TEXAS INSURANCE CODE Sec. 1103.104, or on principles of equity.

42. Liberty Life's policy does not contain a rate of interest payable on the benefit amount wrongfully withheld. Resort must be had to Sec. 1103.104(c) of the Insurance Code. Plaintiff thus requests an accounting in order to determine the amount earned on the funds that should have rightfully been paid to him, and in accordance with INSURANCE CODE Sec. 1103.104(c).

## VII.
## CLAIM FOR ATTORNEYS FEES & COSTS

43. Plaintiff seeks an award of his reasonable attorneys' fees incurred and to be incurred in the prosecution of this claim for benefits. He is entitled to recover those fees, together with his costs of court, pursuant to 29 U.S.C. §1132(g).

## VIII.
## PRAYER

44. Prashant P., Plaintiff, respectfully prays that upon trial of this matter or other final disposition, this Court find in his favor and against Defendants Liberty Life

Assurance Company of Boston and Wal-Mart Stores, Inc.'s Associates Health and Welfare Plan, and issue judgment against each Defendant as follows:

a. Pay to Plaintiff all benefits due and owing in accordance with the terms of the Plan and Policy, as well as all prejudgment interest due thereon and as allowed by law and equitable principles;

b. Pay all reasonable attorney's fees incurred and to be incurred by Plaintiff in obtaining the relief sought herein, along with the costs associated with the prosecution of this matter;

c. All such other relief, whether at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

By: __/s/_____
James C. Plummer, TBA #16075700
Federal I.D. No. 3692
jplummer@plummerlawyers.com
Amar Raval, TBA # 24046682
S.D. I.D. No 619209
araval@plummerlawyers.com
**PLUMMER | RAVAL**
4203 Montrose Boulevard, Suite 270
Houston, Texas 77006
(713) 522-2887
(713) 522-3605 (Fax)

ATTORNEYS FOR PLAINTIFF